IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PETER L. GRIECO,

    Plaintiff

    v.

RECORDS ACCESS OFFICER, PUERTO
RICO DEPARTMENT OF THE TREASURY,

    Defendant

CIVIL NO. 09-1860 (JP)

## OPINION AND ORDER

Plaintiff Peter L. Grieco ("Grieco") filed the instant complaint on August 28, 2009 (No. 3) against Defendant Records Access Officer, Puerto Rico Department of the Treasury. For the reasons stated herein and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff Grieco's complaint is hereby **DISMISSED**.[1]

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Grieco alleges that he sent a request pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, on May 19, 2009 to the Puerto Rico Department of the Treasury and that he has not received a response. Plaintiff requested to know whether a document that he had previously submitted for filing had been processed. Plaintiff requests the Court to issue an order enjoining the Records

---

[1] Defendant filed a motion to dismiss (**No. 10**) and a motion to strike Plaintiff's reply (**No. 15**). In light of the Court's dismissal of Plaintiff's complaint, said motions are **MOOTED**. Also pending before the Court is Plaintiff's request for production of documents (**No. 12**). Said motion is **DENIED**.

CIVIL NO. 09-1860(JP)          -2-

Access Officer of the Puerto Rico Department of the Treasury to refrain from failing to provide the requested information or to justify why it has not provided the information.

On August 28, 2009, Plaintiff filed the identical complaint under Civil Case No. 09-1859(SEC) against the Department of the Treasury and the Secretary of the Treasury of Puerto Rico. Said case was dismissed for lack of subject matter jurisdiction on February 22, 2010 finding that Plaintiff could not assert claims under the FOIA against the Defendants. Plaintiff did not appeal this decision.

In the instant case, Plaintiff, an inmate at the Southport Correctional Facility in Pine City, New York, filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) (No. 1). On March 31, 2010, the Court granted Plaintiff's motion to proceed *in forma pauperis* noting that the facts were not sufficiently developed to enable the Court to determine whether this action should proceed, or whether it was dismissible (No. 4).

On June 24, 2010, Defendant filed a motion to dismiss (No. 10) pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, arguing that the case is barred by *res judicata*.[2] Plaintiff's response to the motion (No. 11) merely reiterates his request for the information.

---

[2] The Court notes that, contrary to Defendant's statements in its motion to dismiss (No. 10 at 2), the previous case, Civil Case No. 09-1859(SEC), was dismissed **without prejudice** (Nos. 14 and 15).

CIVIL NO. 09-1860(JP)           -3-

## II. **LEGAL STANDARD**

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), a court may dismiss the plaintiff's case if satisfied that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous within the meaning of § 1915(e) if it is "based on an indisputably meritless legal theory," lacking "even an arguable basis in law." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (explaining that *sua sponte* dismissal under 28 U.S.C. § 1915 is warranted only if a complaint is "based on an indisputably meritless legal theory" or is "clearly baseless"); see González-González v. U.S.A., 257 F.3d 31, 36-7 (1st Cir. 2001) (stating that the Court "will uphold a *sua sponte* order of dismissal only if the allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption").

## III. **ANALYSIS**

Section 552 of the FOIA provides that agencies must make available to the public certain information. 5 U.S.C. § 552. Section 551(1) of the FOIA defines "agency" as "each authority of the Government of the United States, whether or not it is within or subject to review by another agency." 5 U.S.C. § 551(1). The First

CIVIL NO. 09-1860(JP)           -4-

Circuit Court of Appeals has held that the FOIA "by its own terms, applies only to federal executive branch agencies." Philip Morris Inc. v. Harshbarger, 122 F.3d 58, 83 (1st Cir. 1997)(citing 5 U.S.C. §§ 551(1), 552(a)); see also Hernandez v. Esso Standard Oil Co., 252 F.R.D. 118, 119 (D.P.R. 2008); Toledo v. Puerto Rico Labor and Human Resources Dept., 203 F. Supp. 2d 127, 130 (D.P.R. 2002); St. Michael's Convalescent Hospital v. State of Cal., 643 F.2d 1369, 1373 (9th Cir. 1981)(finding that "'agency' does not encompass state agencies or bodies").

Here, Plaintiff alleges that he requested information from the Puerto Rico Department of the Treasury, which he alleges is a "Federal Agency located at the Puerto Rico Department of Treasury" (No. 3). He also alleges that within the Puerto Rico Department of the Treasury, one of the officers and/or persons responsible for processing his FOIA request is the Records Access Officer, the Defendant in this case. Plaintiff includes, as an exhibit to the complaint (No. 3-5), his FOIA request made to the Puerto Rico Department of the Treasury, located in San Juan, Puerto Rico.

Taking all of the allegations in the complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted. The defendant named in the complaint, the Puerto Rico Department of the Treasury, is a

CIVIL NO. 09-1860(JP)           -5-

state agency and not a federal agency as plaintiff claims.[3] The Supreme Court has explicitly stated that "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. . . . Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancements." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561-62 (2007)). Further, the Supreme Court stated that "determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." Iqbal, 129 S. Ct. at 1940. Because the Puerto Rico Department of the Treasury is a state agency, the Court finds that it is not an "agency" to which the FOIA applies. See Toledo, 203 F.Supp.2d at 130 (finding that neither the Puerto Rico Labor and Human Resources Department nor the Vocational Rehabilitation Administration was an agency to which the FOIA applied). Accordingly, the Court hereby dismisses Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the reasons herein, the Court hereby **DISMISSES** Plaintiff's

---

[3] The Court notes that Plaintiff in his opposition (No. 11) to Defendant's motion to dismiss expresses some confusion as to which agency he has sued in this case. In the instant case, Plaintiff named as defendant the Records Access Officer of the Puerto Rico Department of the Treasury.

CIVIL NO. 09-1860(JP)          -6-

complaint against Defendant. The Court will enter a separate judgment dismissing Plaintiff's complaint with prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of March, 2011.

                                                s/José Antonio Fusté
                                                 JOSÉ ANTONIO FUSTÉ
                                           CHIEF U.S. DISTRICT JUDGE